By the Court. Paine, J.
The defendant in this case was a nephew of the testator, and both were from Ireland. The testator appears to have been a poor man, and to have placed what money he had in the hands of the defendant. The suit was brought under the supposition that it amounted to a considerable sum, but nothing appeared, on the hearing before the referee, to warrant the supposition. Two brothers of the defendant and also his own wife were examined as witnesses by the plaintiff, but their evidence went no further than the amount of two hundred dollars which the defendant had at the time of the testator’s death.
" The testator died the 22d of February, 1848 ; about a month afterwards, the plaintiff, his widow and. executrix, took out letters, and she soon afterwards commenced this suit.
During the testator’s illness, and only a few days before his death, the defendant had a conversation with him, in the presence of others, about the amount he owed him. The testa *651 tor said, he thought, with interest, it was two hundred dollars, and the defendant,—though he said, he thought it was not so much,—acquiesced in the amount. About the same time the defendant let the plaintiff have three dollars. This was a few days before testator’s death. He also let her have several other small sums soon after his death. A day or two before his death, the defendant brought his family physician, Dr. Perry, to see the intestate professionally, and the intestate made no objection to it. The intestate also had his own physician, Dr. Hartley. A few days after the testator’s death, the plaintiff requested the defendant -to pay the funeral expenses and for the medical attendance, out of the moneys in his hands. Dr. Perry had originally made his charge against the defendant who called him in, and made no charge against the deceased. The defendant paid Dr. Hartley’s bill and the funeral expenses, soon after he was requested to by the executrix; but he did not pay Dr. Perry’s bill until after the commencement of this suit.
The defendant, with his plea, paid into court one hundred and thirty-five dollars, and the plaintiff took it out. The cause was referred to a referee who allowed the defendant all the items claimed by him, except the three dollars paid the plaintiff a few days before her husband’s death, seven dollars paid Dr. Hartley, and six paid Dr. Perry. After deducting the money paid into court, and the sums allowed by the referee, there remained a balance of eighteen dollars and four cents which the referee reported due from the defendant.
The cause is exceedingly unimportant except as to the costs, and the grounds upon which the referee disallowed the two medical bills. The bill of Dr. Perry was disallowed because it was not paid until after the suit was brought. But the services were rendered to the intestate, and there was no reason why he should not have paid for them if they had been charged to him. He was, however, never charged for them, but Dr. Perry charged, them to the defendant, who thus became the original debtor, and liable at once for their payment. As regards the testator, it never was his debt, having been discharged by the defendant’s assumption of it. It is stronger than the cases of taking a promissory note from a smety as payment of the principal’s debt, *652 which has been held to be equivalent to the payment of money. (Witherby v. Mann, 11 J. R. 518; Barclay v. Gooch, 2 Esp. 571.) We think, therefore, that this bill having been in fact paid in the lifetime of the testator, the amount should have been allowed as a set off.
We can see no reason why the defendant should not have been credited with the amount paid Dr. Hartley. He paid it before suit and at the request of the executrix, and it was therefore the same as a payment to herself.
We are also inclined to think that the three dollars paid the plaintiff, a few days before the testator’s death, was not, under the circumstances, taken into account when the testator and defendant agreed upon the two hundred dollars as due. The testator, who was ill but a few days, probably referred to the state of things as they existed before his sickness; and the money was paid while he was ill. As this, however, was purely a question of fact, we shall leave it as found by the referee.
The two sums paid for medical services being allowed defendant, and a more correct statement of the interest account, change the balance,‘and leave the plaintiff indebted to the defendant three dollars and eighty-two cents.
Referee’s report set aside.